**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ERIC C. BURGIE                                                                                              PLAINTIFF
ADC #120956

V.                                          NO: 5:11CV00118 BSM/HDY

RAY HOBBS *et al.*                                                                                       DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District
       Judge (if such a hearing is granted) was not offered at the
       hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the
       hearing before the District Judge in the form of an offer of

>   proof, and a copy, or the original, of any documentary or
>   other non-testimonial evidence desired to be introduced at
>   the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Eric C. Burgie, an inmate incarcerated at the Tucker Maximum Security Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint, on May 12, 2011. Defendants are ADC Director Ray Hobbs, ADC Deputy Director Marvin Evans, Jr.; Wardens William Straughn and David White, Assistant Warden Steve Outlaw, and Sgt. Stanley Abernathy all of the Tucker Maximum Security Unit; ADC Disciplinary Hearing Officer Justine Minor, and ADC Disciplinary Hearing Administrator James Gibson.

According to Plaintiff's complaint, on January 16, 2010, officer Deanne Jackson falsely charged him with two disciplinary violations in connection with allegations that he was masturbating while standing in full view in his cell door. Plaintiff asserts that he was served with the disciplinary charge on January 22, 2010, by Defendant Steve Abernathy, and that he requested at that time to be allowed to call video recordings as evidence at his disciplinary hearing. Abernathy refused, as did other officials whom Plaintiff contacted, including the hearing officer. Plaintiff claims the refusal to allow him to call the video as evidence violated his due process and other rights, and the failure of officials to review the video was in retaliation for prior court complaints and grievances he filed.

On February 1, 2012, Defendants filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #64-#66).  Plaintiff filed a response in opposition on February 8, 2012, and a supplemental response in opposition on February 9, 2012 (docket entries #78 & #79).

## I.  Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case.  *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II.  Analysis

Defendants assert that they are entitled to summary judgment because Plaintiff had no constitutionally protected liberty interest, and even if he did, "some evidence" supports the disciplinary hearing officer's conclusion that Plaintiff was guilty.  Defendants further assert that Plaintiff's conviction on the charges forecloses any retaliation claim, and that violation of prison

policy is not a constitutional violation.

Defendants have provided the hearing action form documenting Plaintiff's guilty verdict (docket entry #66-1, pages #3 & #4). According to the verdict, Plaintiff was sentenced to 30 days of punitive isolation, and his good time class was reduced. Neither a 30 day punitive isolation sentence, nor a class reduction, amounts to an "atypical and significant" hardship that would give rise to due process protection as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). The Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). *See also Wycoff v. Nichols*, 94 F.3d 1187, 1188-90 (8th Cir. 1996)(no liberty interest arose when Plaintiff served 45 days in administrative confinement before disciplinary decision reversed). Likewise, Plaintiff has no liberty interest in a particular classification. *See Madewell v. Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990)(noting that an inmate has no right to any particular class status); *Strickland v. Dyer*, 628 F.Supp. 180, 181 (E.D. Ark. 1986)(finding that because Arkansas case law does not protect a prisoner's right to any particular classification and there is no federally protected right regarding classification, inmate could not prevail on claim that he was deprived of due process due to disciplinary penalty of two-step class reduction). Because no disciplinary sanction Plaintiff received gave rise to due process protection, the failure to allow Plaintiff to introduce video evidence at his hearing is not actionable.[1]

Additionally, even if the disciplinary charge was false, a false charge alone is not a constitutional violation. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989)(*citing Freeman*

---

[1]Because no disciplinary sanction gave rise to due process protections, the Court need not consider whether Jackson's report provided "some evidence" to support the hearing officer's conclusion, as set forth in *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).

*v. Rideout*, 808 F.2d 949, 951-52 (2nd Cir. 1986), cert denied, 485 U.S. 982 (1988)). To the extent that Plaintiff claims an ADC policy was violated by any official's failure to review the video in connection with his disciplinary hearing or appeal, such a violation is not actionable. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy).

Finally, Plaintiff claims that the failure to review the video was retaliation for prior lawsuits and grievances he filed. Plaintiff is apparently referring to officials involved in the appeal process of the disciplinary conviction.[2] However, Plaintiff had no liberty interest giving rise to a due process right in the disciplinary hearing, and any official's failure to view the video when they had no obligation to do so is simply too speculative to be considered retaliatory. *See Sisneros v. Nix*, 95 F.3d 749, 752 (8th Cir. 1996) (inmate claiming retaliation is required to meet substantial burden of proving actual motivating factor for adverse action was as alleged); *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam) (allegations of retaliation must be more than speculative and conclusory). Because no constitutional right was violated, Plaintiff has no claim for conspiracy. *See Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999)(elements of conspiracy). Accordingly, Defendants' motion for summary judgment should be granted, and Plaintiff's complaint should be dismissed.[3]

---

[2]Plaintiff's complaint cites grievances and claims he filed against White, Straughn, Outlaw, Evans, Gibson, Hobbs, and non-party Manus (docket entry #2, page #10). As to Jackson and Minor, the charging and hearing officers, Plaintiff has alleged no facts from which a retaliatory animus or bias could be inferred. Although Plaintiff asserts that Defendants were responsible for demonstrating Minor was not biased, they have no such obligation. *See McMaster v. Pung*, 984 F.2d 948, 952 (8th Cir. 1993)(summary judgment affirmed where there was no factual basis for inmate's claim of bias and no hearing officer was involved in the underlying event).

[3]Because Plaintiff's federal claims should be dismissed, the Court should decline to exercise jurisdiction over his state law claims. *See Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006)

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendants' motion for summary judgment (docket entry #64) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE with respect to all his claims under federal law.

2.      Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE with respect to any state law claim he raised.

3.      All other pending motions be DENIED AS MOOT.

4.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this  4   day of May, 2012.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

(Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed).